CHIEF JUSTICE TURNAGE,
dissenting:
I respectfully dissent.
The District Court found that Deputy Sheriff Kevin Evans had particularized suspicion for a reasonable investigative stop of the defendant and subsequent search for weapons as reasonable police procedure for officer protection. This finding and the order denying suppression of the criminal contraband found on the person of defendant is supported by the record in this case.
The majority’s review of the objective data in this case is notable for its brevity. Now the rest of the story.
At approximately 1:00 a.m. on March 21,1995, Deputy Evans was patrolling a rural area of Yellowstone County near the Lockwood Kwik Way convenience store when he observed a vehicle with two occupants traveling west on Highway 87. After running a license plate record check, the deputy was notified that the vehicle was registered to Elton Belgarde and that a warrant for Belgarde’s arrest was outstanding.
The Belgarde vehicle stopped at the Kwik Way convenience store, and the two occupants entered the store. The two individuals, one of whom was Elton Belgarde and the other the defendant herein, Joseph Broken Rope, exited the store, noticed Deputy Evans’ car, began using the telephone and stared at the deputy. Deputy Evans called for Deputy Sheriff Mullikin to assist him.
*434 Upon seeing the deputies pull into the immediate area, Belgarde and Broken Rope began putting their hands into their pockets. The officers told them to take their hands out of their pockets. Defendant Broken Rope again reached to put his hands into his pockets and was told not to do so.
Deputy Evans placed Belgarde under arrest on the outstanding warrant. Deputy Mullikin, in preparing to frisk defendant Broken Rope, asked him if he had any weapons. Broken Rope told the deputy he had a knife on the back of his belt concealed under his shirt. Deputy Mullikin proceeded with a frisk of the defendant and in addition to the concealed knife found, also concealed in his waistband under his shirt, a five-round, fully loaded Smith & Wesson revolver. In addition, he found on defendant’s person certain contraband drugs and a marijuana pipe.
Notwithstanding the unjustified reversal of the District Court’s denial of a motion to suppress based on a claim of unconstitutional search and statutory violation, the rational and reasonable officer’s protection procedure in finding the concealed .38 may not only have saved the deputies from harm, but may have prevented one more dead convenience store clerk.
The District Court carefully and correctly articulated its reasoning in holding that the stop and search of the defendant complied with applicable constitutional, statutory and case law. The District Court’s order states in relevant part:
Regarding the Defendant, upon his exiting of the Kwik Way store, the Deputy believed that he and Mr. Belgarde were acting in a nervous and suspicious manner. The two men were closely watching the Deputy. They walked around the parking lot, made some telephone calls, and evidenced an intention not to return to their automobile. In addition, because the Deputy knew about the warrant for Mr. Belgarde, their nervous actions were all the more suspicious.
As a result, the Deputy stopped, frisked and arrested Mr. Belgarde on the warrant. In addition, pursuant to State v. Gopher and sections 46-5-401 and 46-5-402, MCA, the Defendant was stopped and frisked. The stopping and frisking of the Defendant was proper because the Deputy had “particularized suspicion” that the Defendant had been engaged in wrongdoing. See Gopher, 631 P.2d at 296. The “particularized suspicion” was based on the previously mentioned suspicious actions of the Defendant and Mr. *435 Belgarde upon leaving the Kwik Way store. In addition, it was appropriate to pat down the Defendant for safety purposes in order to secure the situation for the arrest of Mr. Belgarde based on the warrant. Section 46-5-402(1), MCA.
Additionally, it was appropriate for the Deputy to ask the Defendant if he possessed any weapons, knives or needles prior to the pat down for officer safety purposes. Id.
The Defendant admitted possessing a concealed knife on the back of his belt under his shirt. (Defendant’s brief in support of motion to suppress, p. 2, line 16 & 17) However, the Deputy found not only a concealed knife, but also a fully loaded .38 caliber handgun hidden in the waistband of the Defendant’s belt under his shirt. (Id. at line 18 & 19) Based on these discoveries, three conclusions are inescapable.
First, upon uncovering the concealed weapons, the Deputy had probable cause to arrest the Defendant for carrying concealed weapons. As the Court in State v. Sharp, 217 Mont. 40, 702 P.2d 959 (1985) stated, “A founded suspicion to stop for investigative detention may ripen into probable cause to arrest through the occurrence of facts or incidents after the stop.” Sharp, 217 Mont, at 46.
Second, the discovery of the concealed weapons verified the Deputy’s reasonable belief that a pat down was reasonably necessary for officer protection. And third, the discovery of concealed weapons demonstrated the necessity to search further. The Defendant had stated that he was carrying a knife, but made no mention of the handgun. As a result, the Defendant’s comments as to the contents in his front pants pockets, i.e., marijuana and a marijuana pipe, did not render the subsequent officer safety search unreasonable. On the contrary, it was entirely reasonable to believe the Defendant possessed other weapons even though the Deputy specifically asked him if he had any drugs.
Therefore, because the Deputy had particularized suspicion that an offense had been, was being, or was about to be committed, based on the actions of the Defendant and the training and experience of the Deputy, a reasonable investigative stop and search of the Defendant was appropriate. An arrest of Mr. Belgarde was appropriate based on the issued warrant for his arrest. After stopping the Defendant and frisking him for officer protection, concealed weapons were found. Further officer protection search, demonstrated to be reasonable based on the previously uncovered *436 weapons, resulted in discovery of controlled substance possession by the Defendant. The Court believes that all the uncovered evidence can properly be used against the Defendant in a criminal trial. As a result, the Court is persuaded that the Defendant’s constitutional rights against unreasonable search and seizure have not been violated.
I agree with the District Court and therefor dissent.